UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

KISHA HOWARD,

                         Plaintiff,

-against-

CITY OF NEW YORK, MARIO MAZIER, Individually,
ALBERT CABELLO, Individually, NICHOLAS RENTAS,
Individually, CHIRSTOPHER HARRINGTON, Individually,
EDWARD COLUCCI, Individually, and JOHN AND JANE
DOE 1 through10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                         Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

13 CV 5744
(JBW) (RER)

<u>Jury Trial Demanded</u>

Plaintiff KISHA HOWARD, by her attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## **VENUE**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff KISHA HOWARD is a thirty-six year old African American woman residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, MARIO MAZIER, ALBERT CABELLO, NICHOLAS RENTAS, CHIRSTOPHER HARRINGTON, EDWARD COLUCCI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.  On July 20, 2012, at approximately 11:30 p.m., plaintiff KISHA HOWARD was lawfully present inside her home located at 204 Schmidts Lane, Apartment 4f, Staten Island, New York when defendant NYPD officers MARIO MAZIE, ALBERT CABELLO, NICHOLAS RENTAS, CHIRSTOPHER HARRINGTON, and EDWARD COLUCCI arrived at plaintiff's home.

13.  The aforesaid officers forced their way into the apartment without permission or authority and questioned plaintiff.

14.  Once in the apartment, the defendant officers arrested plaintiff without probable cause and transported her to the 122 Police Precinct stationhouse in Staten Island and imprisoned her therein.

15.  The defendant officers caused plaintiff to be transported to and imprisoned at the 120th Precinct stationhouse in Staten Island, and thereafter at the Richmond County Criminal Courthouse, while they conveyed false and manufactured allegations that plaintiff had purportedly committed crimes to the Richmond County District Attorney's Office ("RCDAO"). However, plaintiff was released from custody On July 21, 2012 at approximately 7:30 p.m. via the RCDAO's determination that the prosecution of any purported charges conveyed to it by the defendants would be declined. All of the false and manufactured charges conveyed to the RCDAO by the defendant officers were consequently dismissed and sealed.

16.  Defendants MAZIER, CABELLO, RENTAS, HARRINGTON, COLUCCI and JOHN and JANE DOE 1 through 10 either participated directly and/or were present and/or aware

of the unlawful acts described above and failed to intervene despite a meaningful opportunity to do so.

17. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees.

18. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: warrantless entry into private homes, the investigation of incidents, the probable cause standard required to arrest individuals; and that they engage in falsification.

19. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

20. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

21. As a result of the foregoing, plaintiff KISHA HOWARD sustained, *inter alia*, physical pain and suffering, emotional distress, embarrassment, and humiliation, and deprivation of her constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

22.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "21" with the same force and effect as if fully set forth herein.

23.   All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

24.   All of the aforementioned acts deprived plaintiff KISHA HOWARD of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

25.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

26.   The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

27.   Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

28.   As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Unlawful Entry into the Home 42 U.S.C. § 1983)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30. Upon information and belief, defendants unlawfully entered plaintiff KISHA HOWARD's home without a warrant authorizing their entry.

31. As a result plaintiff KISHA HOWARD's right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

32. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Defendants arrested plaintiff KISHA HOWARD without probable cause, causing her to be detained against her will for an extended period of time and subjected to physical restraints.

35. Defendants caused plaintiff KISHA HOWARD to be falsely arrested and unlawfully imprisoned.

36. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Right To Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The defendant officers are investigating officials who fabricated evidence that was likely to influence a jury's decision. Said information was forwarded to prosecutors, and plaintiff suffered a deprivation of liberty as a result.

39. As a result of the foregoing, plaintiff KISHA HOWARD was deprived of her right to a fair trial/to be free from fabrication of evidence, causing emotional and physical injuries.

40. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants had an affirmative duty to intervene on behalf of plaintiff KISHA HOWARD, whose constitutional rights were being violated in their presence by other officers.

43. The defendants failed to intervene to prevent the unlawful conduct described

herein.

44. As a result of the foregoing, plaintiff KISHA HOWARD's liberty was restricted for an extended period of time, she was put in fear of her safety, and she was humiliated and subjected to handcuffing and other physical restraints.

45. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

48. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

49. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. Defendants, collectively and individually, while acting under color of state law,

engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff KISHA HOWARD's rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff KISHA HOWARD.

53. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff KISHA HOWARD as alleged herein.

54. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff KISHA HOWARD as alleged herein.

55. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff KISHA HOWARD was unlawfully arrested and imprisoned.

56. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff KISHA HOWARD's constitutional

rights.

57. All of the foregoing acts by defendants deprived plaintiff KISHA HOWARD of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from unlawful entry into her home;

    C.    To be free from false arrest/unlawful imprisonment; and

    D.    To be free from the failure to intervene.

58. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

61. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

62. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

63. Plaintiff has complied with all conditions precedent to maintaining the instant

action.

64. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Defendants arrested plaintiff KISHA HOWARD without probable cause.

67. Plaintiff was detained against her will for an extended period of time and subjected to physical restraints.

68. As a result of the aforementioned conduct, plaintiff KISHA HOWARD was unlawfully imprisoned in violation of the laws of the State of New York.

69. As a result of the aforementioned conduct, plaintiff KISHA HOWARD suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

70. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

71. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72. Defendants made offensive contact with plaintiff without privilege or consent.

73. As a result of defendant's conduct, plaintiff KISHA HOWARD has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

77. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

78. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

79. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff KISHA HOWARD.

80. As a result of the aforementioned conduct, plaintiff KISHA HOWARD suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

81. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

82. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "81" with the same force and effect as if fully set forth herein.

83. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff KISHA HOWARD.

84. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

85. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff KISHA HOWARD.

88. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

89. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

91. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

92. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "91" with the same force and effect as if fully set forth herein.

93. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

94. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

95. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "94" with the same force and effect as if fully set forth herein.

96. As a result of defendants' conduct, plaintiff KISHA HOWARD was deprived of her right to security against unreasonable searches, seizures, and interceptions.

97. As a result of the foregoing, plaintiff KISHA HOWARD is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff KISHA HOWARD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)   full and fair compensatory damages in an amount to be determined by a jury;

(B)   punitive damages against the individual defendants in an amount to be determined by a jury;

(C)   reasonable attorneys' fees and the costs and disbursements of this action; and

(D)   such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 31, 2014

        LEVENTHAL & KLEIN, LLP
        Attorneys for Plaintiff KISHA HOWARD
        45 Main Street, Suite 230
        Brooklyn, New York 11201
        (718) 722-4100

By: _____
     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

KISHA HOWARD,

                                  Plaintiff,

    -against-

CITY OF NEW YORK, MARIO MAZIER, Individually,
ALBERT CABELLO, Individually, NICHOLAS RENTAS,
Individually, CHIRSTOPHER HARRINGTON, Individually,
EDWARD COLUCCI, Individually, and JOHN AND JANE
DOE 1 through10, Individually (the names John and Jane Doe
being fictitious, as the true names are presently unknown),

                                Defendants.

-------------------------------------------------------------------------X

13 CV 5744
(JBW) (RER)


**AMENDED COMPLAINT**


**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100